Mr. Peebles. Good morning. Good morning, Your Honor. May it please the Court and members of the panel, counsel. Your Honor, Arthur Runnels is sentenced to 90 months on possession of cocaine and possession of a firearm. The guideline sentence in that particular charge was 60 to 71 months. Now, Mr. Runnels has had an extensive criminal history, starting when he was a juvenile, up until now when he's 43 years old and he was sentenced when he was 42. In this sentencing, I would... Mr. Peebles, can I just interrupt you for a second, please? Yes. Because I want to make sure I'm clear on what you're arguing. Yes. There were two aspects to the sentencing here, the underlying crime and then a supervised release violation, and you have filed two appeals. Are you on appeal challenging the 57-month sentence for supervised release, or are you just challenging the 90-month sentence on the substantive crime? Yes, I believe I'm just going to stick with the 90 months. I appealed the 57 months imposed for the violation of the supervised release. No. Okay. So just the 90 months. Just the 90 months. And would you clarify... Can I pause you on... Are you sure about that? The 57 months runs consecutive to the 90. Recognize you have a constitutional obligation to your client. That's true, Your Honor. I shouldn't... Are you sure you want to withdraw that? I'll withdraw that. The reason... I think I have less of a chance of reversing that one. Right. So the merits may be weaker. Yes. Okay. But the argument... I don't want to... Is the argument on the table or off the table? I'll keep it on the table, Your Honor. And what is the argument, then, as to the 57 months? Because your brief seemed to focus on the 90 months being a procedural error, I think. I wasn't clear what you're... I didn't think you were arguing or challenging the supervised release sentence. The only thing about the supervised release sentence, because it is consecutive, I think if you take the 90 months plus the 57 months, that's excessive. I think that it is within the guidelines. I think the 57 months was at the high end of the guideline for that revocation of his supervision. But when you combine both the 90 months and the 57 months, he's got 147 months of a sentence. Certainly... So is it substantively unreasonable? Because you're not challenging the guideline calculation for the 57 months. I would argue that it is unreasonable when combined with the 90 months. I think that during the argument and sentencing, the government had referred in a sentencing memorandum to crimes that were alleged to have been committed by Mr. Runnels when he was a juvenile. And I think that you look at that plus his other activities, there was a passage of time which the guidelines take into consideration. But I believe that without that passage of time, Mr. Runnels could have been facing a career criminal sentencing, which would have been substantially more. I believe that because of the passage of time, and I believe the argument at the sentencing by the government was that it was merely the passage of time, that Mr. Runnels was not out being a productive citizen. But I would argue that the guidelines take that into consideration. Passage of time when he was in the Department of the Bureau of Prisons, he was supposedly there to be rehabilitated. So that is quality time for an inmate in the Bureau of Prisons. And to say otherwise would be ludicrous, really, because that was one of the purposes for his sentencing. I think that there are two prongs involved in sentencing an individual. Punishment on one side, and rehabilitation on the other. And if he's spending time in the Bureau of Prisons, it goes without saying that he is receiving some rehabilitation during that time. So I would argue that when Judge Dugan sentenced my client to 90 months, which is 19 months above the high end of the guideline, I think that was an abuse of discretion, and I've asked the court to consider reversing and remanding this sentence. That taking into consideration alleged crimes or crimes that occurred when an individual was a juvenile, and taking that into consideration in going up above a guideline sentence, is unfair and abusive. Oftentimes a juvenile, well juvenile adjudications are sealed for that purpose. They can be looked at and opened if there are future crimes committed. But Mr. Reynolds was a 16-year-old child, and those crimes were taken into consideration when this sentence was imposed. And I think for that reason it was an abuse of discretion, and I'd ask the court to consider living in the projects in East St. Louis, Illinois. It's a tough spot. He made some bad decisions of course, but he did emerge from the Bureau of Prisons, and he was gainfully employed, so there was some rehabilitation that occurred while he was in custody. Now unfortunately he did take responsibility for actions that occurred throughout this proceeding. Mr. Reynolds was cooperative with the government and with the investigators. He took responsibility, he pled guilty, he did not force the government to go through a trial in a case where the evidence was very strong against him. And for those reasons, I would ask the court to reverse and remand this. Okay, you've got a little time on rebuttal. Before you sit down, Mr. Peebles, I want to extend a friendly suggestion, and I hope you take it this way. In your brief, the appendix to your brief under our rules, you have to attach all the rulings that you're appealing from. You follow me on that? And we actually require lawyers to certify that they've done that. Your appendix here doesn't include that. It does not include the sentencing transcript, the underlying judgment, and instead it includes something that we often do not see copied and put on a public docket, and that is a PSR. So my friendly suggestion is next time around, take a look at your appendix and make sure it includes what it should include and omits what it shouldn't include. Absolutely. Thank you, Your Honor. Okay, you're welcome. We'll hear from the government. Thank you, Your Honor. May it please the court, Daniel Careway on behalf of the United States. Your Honor, after an extensive revocation and sentencing hearing, the judge sentenced Mr. Runnels to an aggregate 147-month sentence, which constituted 90 months, which is a slight variance over the guideline range for the new indictment, as well as a within-policy statement sentence on the supervised release. While defendant has made some passing challenges to his sentence in his brief and during argument today, I'll start where our brief started, and that's with the waiver argument. Your Honor, I think the perfunctory and underdeveloped arguments from the brief, which were not supported by pertinent authority, as this court has held are required under Berkowitz, failed to really identify whether or not appellant was making a procedural challenge to the sentence, a substantive reasonableness to the challenge to the sentence. However, as this court did in Berkowitz, it looked at the record and determined, even though the appellant had waived that argument, I believe in Berkowitz it was a passing statement to a FRERETA issue. Likewise, the record in this case shows that there is no procedural error, and both sentences are substantively reasonable. As to the procedural error, Your Honor, as it relates to the supervised release, without any objection from the parties, the court determined the grade of each violation, determined the criminal history category, calculated the policy statement range, the defendant admitted the violations during that, and the court confirmed after the arguments were permitted by counsel on the 3553A factors, the court confirmed both with the government and Mr. Peebles whether it had addressed all of the arguments in mitigation, and that was in the sentencing transcript on pages 15 and 16, and again it reaffirmed that position on page 44 of the sentencing transcript. As it relates to the new indictment, which this court did a sentencing hearing, excuse me, the district court did a sentencing hearing right after the supervised release hearing, it calculated the effective guideline range of 60 to 71 months, again with no disagreement from the parties, it allowed additional argument on top of what the parties argued in the supervised release matter, it addressed the relevant 3553A factors, and again, towards the end of the hearing at page 44 of the transcript, the court asked Mr. Peebles, who represented the appellant in the trial court, do either counsel request any further elaboration on my consideration of the 3553A factors? Mr. Peebles indicated no, and he also asked Mr. Peebles, are you satisfied that I've addressed all your arguments in mitigation to your satisfaction? To which, again, trial counsel in the proceeding below confirmed that he had. Your Honor, as to the substantive reasonableness of the sentence, in looking at the supervised release revocation, this court is looking to determine whether or not Judge Dugan's sentence was plainly unreasonable. This court has held that when we look at the, on appellate review of supervised release sentences, this court has said that it is highly deferential and suggested that it might be comparable to the narrowest judicial review of judgments we know. Looking at the characteristics of the offender, Mr. Runnels, in the district distribution of a controlled substance offense, an aggravated battery offense where he shot a victim in the leg, and during the commission of the new offense was on supervised release for a federal felon in possession conviction in which he was sentenced as an armed career criminal. Your Honor, while there's been this discussion of a passage of time, and as best as I could get from the appellant brief, there was, I guess, an issue taken with the argument about the passage of time as it relates to Mr. Runnels' criminal history, category, and calculation. The government's argument, which is contained in that sentencing transcript, is that it wasn't because of good behavior or law-abidingness that Mr. Runnels' prior convictions for distribution as well as aggravated battery were not counted under the criminal history calculation. It was because he was serving a 180-month term of imprisonment in the federal BOP. So, understanding that now today there's this quality of time argument that Mr. Runnels spent in BOP, the court addressed that sufficiently within the colloquy that he made with the parties in relation to the 3553A factors. He noted specifically in regards to defendant's argument in the trial court about the rehabilitation aspect of a BOP sentence, and the district court rejected that, stating that Mr. Runnels had just served a 180-month sentence in the federal BOP. He was out on supervised release when agents utilized a confidential source to purchase Your Honor, again, the appellant has really not pointed to any specific procedural error. However, I think the record in this court can see there is no procedural error, and the substantive reasonableness of both sentences was not an abuse of discretion. Your Honor, unless the court has any questions, we would ask this court to affirm the sentences in both the supervised release matter, as well as the new indictment. Okay. Hearing none, Mr. Carraway, thank you. Thank you, Your Honor. Mr. Peebles, anything you'd like to add? I don't believe so, Your Honor. Thank you. Okay. You're quite welcome. With thanks to both parties, we'll take the appeals under advisement.